**SO ORDERED.**

**SIGNED this 26 day of March, 2007.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 12 |
| ) | CASE NO. 06-51580-JDW |
| THOMAS E. COTTON, ) | |
| ) | |
| DEBTOR. ) | |
| ) | |
| THOMAS E. COTTON, ) | ADVERSARY NO. |
| ) | 06-5125-JDW |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| DONNA BRYANS GENSLER, ) | |
| W. NORRIS BRYANS, and ) | |
| FARMERS AND MERCHANTS BANK, ) | |
| ) | |
| DEFENDANTS. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:        Thomas Cotton, pro se
                   1000 Rock Eagle Road
                   Monticello, Georgia 31064

For Defendants:    Elizabeth Stuhldreher
                   117 ½ Bradford Street, Suite 4
                   Gainesville, Georgia 30501

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' motion to remand. After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor Thomas Cotton filed an action in the Fulton County Superior Court against Defendants on August 14, 2006. On August 30, 2006, he filed a Chapter 12 petition in this Court. The Court dismissed the bankruptcy case on September 18, 2006, due to deficiencies in the petition. Debtor has appealed the dismissal order, but has not obtained a stay pending appeal. Debtor removed his state court case to this Court on December 18, 2006, pursuant to 28 U.S.C. § 1452(a). On March 1, 2007, Defendants filed a motion for abstention by the Court and remand of the case to state court. The Court held a hearing on the motion on March 23, 2007. For the following reasons, the Court will grant Defendants' motion.

### Conclusions of Law

Bankruptcy court jurisdiction is limited by 28 U.S.C. § 1334. First the Court has exclusive jurisdiction over "all cases under title 11." Id. § 1334(a). A case under Title 11 is the underlying bankruptcy case commenced by filing a bankruptcy petition. 1 Collier on Bankruptcy ¶ 3.01[3] (15th ed. rev'd 2006). Here, Debtor's suit is an action initiated by filing a complaint in state court, not a case under Title 11.

Second, the Court has non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Arising under"

cases are those in which the cause of action is created by the Bankruptcy Code, such as avoidance actions and objections to discharge.  1 Collier on Bankruptcy ¶ 3.01[4][c][I].  Debtor's claims in this case are premised upon state law to stop foreclosure of real property, not bankruptcy law.  Therefore, they do not arise under Title 11.  "Arising in" cases generally address administrative matters and are matters that would not exist in the absence of a bankruptcy case.  Id. ¶ 3.01[4][c][iv].  Because Debtor's claims in this case were brought under state law when he had no bankruptcy case pending and can proceed without a bankruptcy case, they do not arise in a case under Title 11.  Finally, "related to" cases are those in which, among other things, the outcome will have an effect on the bankruptcy estate.  Id. ¶ 3.01[4][c][ii].  Here, Debtor has no bankruptcy case pending and, as a result, no estate that may be affected by the outcome of this adversary proceeding.

Debtor has argued he does have a bankruptcy case pending because he has appealed the order dismissing his Chapter 12 case.  However, Debtor obtained no stay pending appeal, so the dismissal order is effective.  The case is dismissed and will remain so unless Debtor succeeds on his appeal.  Until and unless the District Court reverses the dismissal, no bankruptcy case exists on which to base jurisdiction.

As the foregoing reasons, the Court concludes it has no jurisdiction over this adversary proceeding.  As a result, the Court is not authorized to hear the case and will remand it to the Fulton County Superior Court.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT